Affirmed and Memorandum Opinion filed February 3, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00269-CR



 

Tronte Simpson, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 1143788



 

MEMORANDUM  OPINION

 

Appellant Tronte Simpson appeals his conviction for
aggravated robbery.  In a single issue he contends the trial court erred in
admitting evidence of an unadjudicated extraneous offense.  We affirm.

The complainant, Carnelius Ates, and his brother,
Coree Jameson, were washing their cars at a self-service car wash when a driver
of another vehicle drove up and attempted to block the complainant’s vehicle. 
The complainant noticed that the passenger in the vehicle was carrying a gun.  When
the complainant saw the gun he put his car in reverse and attempted to drive
away.  Before he could back out of the car wash stall he was shot through the
window of his car.  He attempted to open the door and get out of his car, but
fell on the floor with the door open.  The complainant was shot a second time
through the open car door.  Hoping the gunman just wanted his car, the
complainant crawled out of the car and tried to run away.  At that time he was
shot a third time in the back.  After the third shot the complainant was able
to hide in a grassy area as the men drove away in the complainant’s car.  The
complainant’s brother witnessed the shooting and chased the car.  He finally
caught up with the car and identified appellant as the gunman.

In his defense, appellant presented evidence of an
alibi and denied that he shot the complainant or stole the complainant’scar.

The State called Julius Crosby as a rebuttal
witness.  Crosby testified that several weeks after the complainant was shot,
Crosby saw appellant at the Haverstock apartments.  While Crosby was at the
apartments he heard his car alarm.  He looked out the window and saw an
individual walking away from his car.  Crosby went outside to confront the
person whom he identified as appellant.  As Crosby approached appellant,
appellant pulled out a gun, and said, “You know what it is.”  Crosby threw
appellant his car keys and began to run away.  As he was running, appellant
shot Crosby in the leg.  While Crosby was lying on the ground, appellant walked
up to Crosby and pointed the gun at him.  Crosby grabbed the gun and began to
fight with appellant in an attempt to take the gun.  After fighting with
appellant Crosby was able to get away and began to flee.  As he was running
away, appellant shot him twice in the back.  

On redirect examination, the prosecutor asked Crosby
how long it took to fully recuperate from his gunshot wounds.  Appellant
objected at that time to the “line of questioning” as having been “about an extraneous
offense that’s not about proving up the whole case against Mr. Simpson at this
time.”  The trial court sustained appellant’s objection and the State passed
the witness.  Appellant did not request that the jury be instructed to
disregard evidence of the extraneous offense, nor did he request a mistrial
after the trial court sustained his objection.

On cross-examination following his objection,
appellant’s attorney questioned Crosby about prior adjudicated offenses, his
residence at the time of the offense, and whether he knew the complainant and
his brother.

In a single issue, appellant contends the trial court
erred in admitting Crosby’s testimony about the extraneous offense.  Appellant,
however, failed to preserve error for review.

To preserve error for appellate review, a party must
make a timely and specific objection or motion at trial and there must be an
adverse ruling by the trial court.  Tex. R. App. P. 33.1(a); Fuller v. State,
253 S.W.3d 220, 232 (Tex. Crim. App. 2008).  Failure to preserve error at trial
forfeits the later assertion of that error on appeal.  Ibarra v. State,
11 S.W.3d 189, 197 (Tex. Crim. App. 1999).  

After Crosby testified, appellant objected to the
evidence as improper extraneous offense evidence and the trial court sustained
the objection.  Because appellant did not pursue his objection to an adverse
ruling, he has not preserved the issue for review.  See Turner v. State,
805 S.W.2d 423, 431–32 (Tex. Crim. App. 1991); Wooten v. State, 267
S.W.3d 289, 309 (Tex. App.—Houston [14th Dist.] 2008, pet. ref’d).  Appellant’s
sole issue is overruled.

The judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson,
Frost, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).